# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER R. JACKO,<br><br>         Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No. 16-CV-647-JPS<br>Criminal Case No. 14-CR-98-2<br><br><br><br>**ORDER** |

On May 31, 2016, Christopher R. Jacko ("Jacko") filed a motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of the Constitution. (Docket #1). Prior to its reassignment to this branch of the Court, the case was stayed pending resolution of several relevant appeals in the Seventh Circuit. (Docket #2). Those appeals have been resolved, and the Court will grant Jacko's request to lift the stay in this case. (Docket #7). The Court now turns to screening Jacko's motion under Rule 4 of the Rules Governing Section 2255 Proceedings, which requires the Court to promptly examine Jacko's motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Jacko] is not entitled to relief."

On October 8, 2014, Jacko was convicted of one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. He was sentenced to 12 months as to the first count, followed by a mandatory consecutive sentence of 84 months as to the second

count.

In his petition, Jacko challenges his conviction under Section 924(c). (Docket #1). That provision imposes additional penalties on individuals who carry or use firearms in connection with certain crimes. 18 U.S.C. § 924(c). In Jacko's case, he was convicted of brandishing a firearm during a "crime of violence," which the statute defines as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The first clause is referred to as the "elements" clause, while the second is known as the "residual" clause.

The Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2560 (2015), found that an identical residual clause in the Armed Career Criminals Act was unconstitutionally vague. The Court later determined that the rule announced in *Johnson* was substantive and should therefore be retroactively applicable to collateral attacks like Jacko's. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Jacko contends that his armed bank robbery offense under Section 2113(a) and (d) only qualifies as a crime of violence which forms a predicate for his Section 924(c) offense under the residual clause of Section 924(c)(3). (Docket #1 at 1). Because the Supreme Court declared an identical residual clause unconstitutionally vague, he says, the same reasoning should invalidate Section 924(c)(3)(B). *Id.* That, in turn, requires that his conviction

as to Count Two of the Indictment to be vacated. *Id.* at 2.

The problem with Jacko's petition is not his legal reasoning; that much is sound, since the Seventh Circuit has held that the residual clause of Section 924(c)(3) is indeed unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016). But that holding does not help Jacko here, because the Seventh Circuit has also held that armed bank robbery under Section 2113(a) and (d) constitutes a crime of violence under the elements clause of Section 924(c)(3), since it "[has] as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016); *Clark v. United States*, No. 16-2296, 2017 WL 690754, at *2 (7th Cir. Feb. 21, 2017). Thus, here Jacko's Section 2113(a) and (d) conviction serves as a valid predicate for his Section 924(c) conviction by way of the elements clause of Section 924(c)(3), not the residual clause. This was the only argument stated in his motion, *see* (Docket #1 at 1–2), and because it is without merit, the Court must deny the motion.[1]

Finally, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it

---

[1] Jacko filed a motion to amend his petition (Docket #6), arguing in part that a Section 2113 conviction does not qualify as a crime of violence under the elements clause of Section 924(c)(3) because it can be committed without the use or threatened use of physical force. (Docket #6 at 9–19). The Court of Appeals considered and rejected this precise argument in *Armour*, finding that even the least serious acts contemplated in either Section 2113(a) or (d) were crimes of violence under Section 924(c)(3)(A), so the Court need not dwell long on Jacko's contention. *Armour*, 840 F.3d at 908–09. The motion for leave to amend will be granted, though it does not help him much. His motion for appointment of counsel (Docket #8), however, will be denied as moot.

enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Jacko must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the binding Seventh Circuit precedent on the issue raised in Jacko's petition, as outlined above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny a certificate of appealability to him.

Finally, the Court closes with some information about the actions that Jacko may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter

or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to lift the stay in this case (Docket #7) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to amend his motion to vacate (Docket #6) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (Docket #8) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge